**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**EDWARD CLEVENGER,**

    **Plaintiff,**

**v.**                                                            **Civil Case No.:** 3:20-cv-00195

**METROPOLITAN HUNTINGTON, LLC,**
**d/b/a PULLMAN SQUARE, an Ohio limited**
**liability company,**

    **Defendant.**

**<u>NOTICE OF REMOVAL</u>**

Defendant Metropolitan Huntington, LLC, d/b/a Pullman Square ("Metropolitan Huntington" or "Defendant"), by counsel, removes this action from the Circuit Court of Cabell County, West Virginia, to the United States District Court for the Southern District of West Virginia, Huntington Division, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. In support of this notice of removal, Metropolitan Huntington states as follows:

**I.      THE STATE COURT ACTION**

1.      On October 10, 2019, Plaintiff Edward Clevenger ("Plaintiff") filed his Complaint in the Circuit Court of Cabell County, West Virginia against Metropolitan Huntington. Compl., Ex. 1. That matter is titled: *Edward Clevenger v. Metropolitan Huntington, LLC, d/b/a Pullman Square*, and has been assigned Case No. 19-C-482 in the Circuit Court of Cabell County. *Id.* Plaintiff served Defendant via the Secretary of State on or about February 19, 2020. Ex. 2.

2.      Plaintiff's lawsuit arises out of an incident which occurred in Cabell County on February 13, 2019. Comp. ¶ 6. In his Complaint, Plaintiff alleges he "was going up the escalator located on the Pullman Square premises nearing the top when the escalator suddenly and without

warning stopped, throwing Plaintiff forward." *Id.*  ¶ 8.  He contends he suffered "several severe injuries including extensive lacerations, abrasions, a broken clavicle and a head injury." Id. ¶ 10. He alleges "severe and permanent injuries to his person. . . medical bills for his care and treatment, as well as other expenses. . . loss of enjoyment of life" and "has endured and will continue to endure in the future, severe pain and suffering, physically, mentally, and emotionally." *Id.* ¶¶ 16-19.

## II.     REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446

3. Defendant was served with the summons and Complaint in the underlying state action on February 19, 2020.  Ex. 2.  Given the date of this filing, it is evident the matter is being removed within 30 days of service.

## III.     THIS COURT HAS JURISDICTION

4.      Removal is proper pursuant to 28 U.S.C. § 1441 as this Court has jurisdiction under 28 U.S.C. § 1332.  As explained below, this is an action between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      First and foremost, there is complete diversity between the parties.  It is well-settled that for purposes of diversity jurisdiction, "an individual is a citizen of the state in which he or she is domiciled." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008).  According to the Complaint, and upon information and belief, Plaintiff is domiciled in West Virginia. Compl.  ¶ 1.[1]

---

[1] To be clear, Plaintiff states in his Complaint that he is a "part-time" resident of Westmoreland, Wayne County, West Virginia.  Defendant recognizes that, for purposes of removal based upon diversity jurisdiction, an individual may reside in one state but be domiciled in another, and that it is an individual's domiciliary which controls this Court's diversity analysis. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  Nonetheless, upon information and belief, Plaintiff is both domiciled in and a resident of West Virginia.  Moreover, for the reasons discussed in this motion, there would still be complete diversity among the parties so long as Plaintiff is not domiciled in Ohio.  Based upon all facts known to Defendant at this time, Plaintiff is not domiciled in Ohio.

6.      A corporation, on the other hand, "is a citizen of the states in which it has been incorporated and in which it has its principal place of business." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011); 28 U.S.C. 1332(c)(1).

7.      Defendant is incorporated under the laws of the state of Ohio and has a principal place of business in Ohio.  *See* Ex. 3 (West Virginia Secretary of State's Records indicating that Defendant is chartered under the laws of Ohio).

9.      Consequently, there is complete diversity of citizenship between the Plaintiff and the Defendants.

11.      Finally, the $75,000 threshold in 28 U.S.C. § 1332 is satisfied given a review of the host of injuries Plaintiff alleges to have suffered (e.g. extensive lacerations, abrasions, a broken clavicle and a head injury"). Compl. ¶ 10.  Indeed, Plaintiff claims to have suffered the following injuries:

> Severe and permanent injuries to his person. . . . medical bills for his care and treatment, as well as other expenses. . . . a loss of enjoyment of life  . . . . and future severe pain and suffering, physically, mentally and emotionally.

*Id.*  ¶ 16-19.  He seeks, *inter alia*, compensatory damages for these injuries, along with "[a]ny and all other relief this Court deems just and proper."  (*Id.* at *ad damnum* clause).

12.      Existing authority from within the Southern District confirms that the amount in controversy requirement is satisfied.  *See*, *e.g.*, *Evans v. CDX Servs., LLC*, 528 F. Supp. 2d 599, 606 (S.D. W. Va. 2007) (Judge Johnston); *Campbell v. Restaurants First/Neighborhood Rest., Inc.*, 303 F. Supp. 2d 797, 799 (S.D. W. Va. 2004) (citing *Joseph's Hosp. of Buckhannon, Inc.*, 208 W. Va. 123, 125, 538 S.E.2d 714, 716 (2000)).

13.      For instance, in *Evans*, a plaintiff instituted a lawsuit against his employer after he broke his leg while repairing a water line.  *Id.*  In his Complaint, the plaintiff did not seek a specific

monetary award, but sought recompense for "serious bodily injury," in addition to lost earnings, pain and suffering, and "the loss of ability to enjoy life." *Id.* at 606.  The Defendant removed the matter to federal court based upon diversity jurisdiction, and the Court has tasked, with evaluating whether the amount in controversy threshold had been satisfied. *Id.* at 605-06.  The Court found that the damages alleged in the Complaint satisfied the $75,000 amount in controversy requirement, and noted that "[w]hen the Court 'considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied.'" *Evans v. CDX Servs., LLC*, 528 F. Supp. 2d 599, 606 (S.D. W. Va. 2007) (quoting *Campbell v. Rests. First/Neighborhood Rest. Inc.*, 303 F. Supp. 2d 797, 799 (S.D. W. Va. 2004)). *See generally Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) (explaining that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Evans*, 528 F. Supp. 2d at 605-06 (adopting a "preponderance of the evidence standard").

15.     Because there is complete diversity between Plaintiff and Defendant and because the amount in controversy exceeds $75,000 exclusive of interest and costs, removal is appropriate pursuant to 28 U.S.C. §1332.

16.     Removal to the Huntington Division is proper under 28 U.S.C. §1441(a) given that Cabell County is located within this division.

17.     In accordance with 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served on all adverse parties and will be filed with the clerk of the Circuit Court of Cabell County, West Virginia.  Ex. 4.

18.     Pursuant to Local Rules of Civil Procedure 3.4(a) and (b), a copy of the state circuit court's docket sheet from the underlying matter and a civil cover sheet are being filed with this Notice.  Exs. 5 and 6.

WHEREFORE, Defendant, Metropolitan Huntington LLC, removes this action, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, from the Circuit Court of Cabell County, West Virginia, to the United States District Court for the Southern District of West Virginia, Huntington Division, on this the 19th day of March, 2020.

Respectfully submitted,

LITCHFIELD CAVO, LLP

/s/ Kelly Calder Mowen
Edward A. Smallwood, Esquire
WVSB #7657
Two Gateway Center
603 Stanwix Street, Floor 10
Pittsburgh, PA  15222
(412)291-8243
smallwood@litchfieldcavo.com

Kelly Calder Mowen
WVSB# 12220
Village Professional Building
99 Cracker Barrel Drive, Suite 100
Barboursville, WV 25504
Tel: 304-302-0500
Fax: 304-302-0504
Mowen@litchfieldcavo.com

*Counsel   for   Defendant,   Metropolitan Huntington, LLC*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**EDWARD CLEVENGER,**

   **Plaintiff,**

**v.**                                                    **Civil Case No.:**

**METROPOLITAN HUNTINGTON, LLC,**
**d/b/a PULLMAN SQUARE, an Ohio limited**
**liability company,**

   **Defendant.**

### CERTIFICATE OF SERVICE

   I, Kelly Calder Mowen, certify that on March 19, 2020, I caused to be filed the foregoing

Notice of Removal via ECF filing.  I further certify that a courtesy copy of this filing was mailed

to Plaintiff's counsel via the U.S. Postal Service, addressed as follows:


                    Jason P. Foster
                    The Segal Law Firm
                    810 Kanawha Boulevard, East
                    Charleston, West Virginia 25301


                              /s/ Kelly Calder Mowen
                              Edward A. Smallwood, Esquire
                              WVSB #7657
                              Kelly Calder Mowen
                              WVSB #12220
                              Two Gateway Center
                              603 Stanwix Street, Floor 10
                              Pittsburgh, PA  15222
                              (412)291-8243
                              smallwood@litchfieldcavo.com