IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

EDWARD CLEVENGER,

        Plaintiff,

v.                                    CIVIL ACTION NO.   3:20-0195

METROLPOLITAN HUNTINGTON, LLC,
d/b/a PULLMAN SQUARE, an Ohio limited
liability company,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        Pending before the Court is Plaintiff Edward Clevenger's Motion to Remand (ECF No. 5) and Defendant Metropolitan Huntington, LLC's Motion to Amend its Notice of Removal. ECF No. 7. For the following reasons, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

        On October 23, 2019, Plaintiff filed a complaint for personal injuries against Defendant in the Circuit Court of Cabell County, West Virginia. Defendant was served a copy of the Complaint via West Virginia's Secretary of State on or about February 19, 2020. Thereafter, Defendant timely removed the action to this Court on March 19, 2020, based upon diversity of citizenship and an amount in controversy exceeding $75,000, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In his Motion to Remand, Plaintiff argues Defendant did not properly allege diversity exists between the parties.[1]

---

[1]The amount in controversy is not at issue.


Specifically, in the Notice of Removal, Defendant states it "is incorporated under the laws of the state of Ohio and has a principal place of business in Ohio." *Notice of Removal*, at ¶7, ECF No. 1. It is undisputed that Plaintiff is a citizen of West Virginia. Thus, Defendant claimed diversity exists. However, in its Motion to Remand, Plaintiff points to the fact Defendant is not a corporation but, rather, a limited liability company. Therefore, Plaintiff maintains Defendant's principal place of business is irrelevant as Defendant's citizenship is based upon the citizenship of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (stating "that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members'" (citation omitted)); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (holding a limited liability company's "citizenship is that of its members"). As Defendant failed to provide either the identity or the citizenship of its respective members, Plaintiff argues the Notice is insufficient and the case must be remanded.

Upon recognizing the inadequacy of the original Notice, Defendant filed its Motion to Amend its Notice of Removal to correct the deficiency. In the proposed revised Notice, Defendant identifies its five members, four of whom are residents of Ohio and one of which is an LLC that is a wholly-owned subsidiary of an Ohio corporation. Thus, Defendant contends the amendment satisfies the diversity requirement and remand is improper.

Plaintiff, however, objects to the proposed amendment. Plaintiff argues the amendment adds substantive allegations which are barred by the thirty-day timeframe for removal. Defendant does not dispute the proposed amendment was filed outside the thirty-day window, but it insists the Court should permit the amendments as mere technical corrections.

In deciding the issue presented, the Court is mindful of its limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Indeed, "[w]ithin constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). As relevant here, Congress permits federal courts to adjudicate civil lawsuits exceeding $75,000 in controversy that are brought between citizens of different states. 28 U.S.C. § 1332(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c), in part.

In support of its position, Defendant cites 28 U.S.C.A. § 1653 which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C.A. § 1653. However, tension arises when, as here, amendments are sought outside the thirty-day window provided for removals in 28 U.S.C. § 1446(b).[2] In *Wood v. Crane, Co.*, 764 F.3d 316 (4th Cir. 2014), the Fourth Circuit addressed this issue and held that, "after thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal[, but they] have no discretion to permit amendments furnishing new allegations of a jurisdictional basis." 764 F.3d at 323 (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831, 832 (1989) ("But § 1653 speaks of amending 'allegations of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." Additionally, "every Court of Appeals that has considered the scope of § 1653 has held that it allows appellate courts to

---

[2]This provision provides, in part, that a "notice of removal of a civil action or proceeding shall be filed within 30 days[.]" 28 U.S.C. § 1446(b).

remedy inadequate jurisdictional allegations, but not defective jurisdictional facts. We decline to reject this longstanding interpretation of the statute." (footnote omitted)). The Fourth Circuit recognized that "[t]he trick lies in placing a case within one of those two categories." *Id*.

In grappling with this issue, the Fourth Circuit stated that amendments to make "technical changes, such as the exact grounds underlying diversity jurisdiction" are permitted. The Fourth Circuit cited, for instance, *Nutter v. New Rents, Inc*., 945 F.2d 398 (4th Cir. 1991), in which the defendant removed based upon diversity jurisdiction and was permitted to amend it notice of removal after thirty days to specify that its principal place of business was Kentucky. Likewise, very recently in a diversity case, the Fourth Circuit permitted a defendant to supplement the record and amend a notice of removal on appeal to include the citizenship of its partners. *Gradillas Court Reporters, Inc. v. Cherry Bekaert, LLP*, 799 F. App'x 205 (4th Cir. 2020) (per curiam).

Here, diversity jurisdiction was asserted and actually existed at the time of removal. Although Defendant mistakenly cited its principal place of business rather than the citizenship of its individual members in the Notice of Removal, such misstep was a mere technical error as to the exact grounds underlying diversity jurisdiction. As Defendant is not asserting diversity as a new allegation but, rather, correcting the factual basis of the existing allegation, the Court exercises its discretion to permit the amendment outside the thirty-day period.

Accordingly, the Court **GRANTS** Defendant's Motion to Amend its Notice of Removal (ECF No. 7) and **DENIES** Plaintiff's Motion to Remand. ECF No. 5.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 1, 2020

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE